**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4500**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

GEORGE LALOUDAKIS,

                Defendant – Appellant,

    and

BALTIMORE COUNTY POLICE DEPARTMENT,

                Respondent.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:09-cr-00608-BEL-5)

_____

Submitted: January 31, 2012       Decided: February 16, 2012

_____

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore,
Maryland, for Appellant. Rod J. Rosenstein, United States
Attorney, Debra L. Dwyer, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Laloudakis pleaded guilty to conspiracy to obstruct interstate commerce through robbery, in violation of 18 U.S.C. § 1951 (2006); and use of a firearm in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2006). The district court sentenced Laloudakis to a total of 117 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

On appeal, Laloudakis argues that his guilty plea was not knowing and voluntary because the district court failed to fully explain the nature of the charges against him, failed to inform him of the statutory maximum sentences, and erred in accepting the stipulated statement of facts as a sufficient factual basis for the firearm offense. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine that there is an adequate factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea

3

of guilt is entered into knowingly and voluntarily.  See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Laloudakis did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  "To establish plain error, [Laloudakis] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). "In the Rule 11 context, this means that [Laloudakis] must show a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks and citation omitted).  Moreover, even if Laloudakis satisfies these requirements "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Muhammad, 478 F.3d at 249 (internal quotation marks and citation omitted).  We have thoroughly reviewed the record and conclude that the district court did not commit plain error in conducting the Rule 11 colloquy, and Laloudakis' guilty plea was knowing and voluntary.

Accordingly, we affirm the judgment of the district court.  Because Laloudakis is represented by counsel, we deny

4

his motion to file a pro se supplemental brief.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

---

[*] Even were we to grant the motion to file a pro se supplemental brief, our review of the proposed brief persuades us that Laloudakis fails to articulate claims that would warrant relief.